UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHAMMED KEITA, et al.,

                Plaintiffs,

-against-

NERDREZ AKA PHH MORTGAGE, et al.,

                Defendants.

22-CV-10268 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mohammed Keita, who is proceeding *pro se*, brings this action on behalf of himself and his minor children.[1] He invokes the Court's federal question and diversity of citizenship jurisdiction, and asserts claims arising from the servicing of a mortgage loan on a property located in Staten Island, Richmond County, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission must refer to the name of a minor child by only using the child's initials. In his pleadings, Plaintiff reveals the full name of the minor children. In light of this, and in an abundance of caution, the Court has limited access to Plaintiff's pleadings and other submissions on the court's CM/ECF system to a "case participant-only" basis.

where it is subject to personal jurisdiction with respect to the civil action in question.[2] *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who is a resident of Staten Island, New York, brings this action against the following defendants: (1) Nerdrez aka PHH Mortgage, a company in West Palm Beach, Florida; (2) McCabe, Weisberg, and Conway, LLC, a law firm in Melville, New York; (3) First American Title Insurance of New York, a company in Rochester, New York; and (4) the United States Internal Revenue Service. Plaintiff brings claims arising from the servicing of the mortgage on a property located in Staten Island, which is in Richmond County, in the Eastern District of New York. *See* 28 U.S.C. § 112(c).

Nothing in the complaint suggests that any of the events giving rise to Plaintiff's claims occurred within this district, and therefore, it does not appear that venue lies in this court under Section 1391(b)(2). Because Plaintiff does not specifically plead facts about the residence of Defendants, or whether they are subject to personal jurisdiction in this district, it is not clear whether venue is proper in this court under Section 1391(b)(1). However, even if venue was proper in this court under Section 1391(b)(1), the Eastern District of New York also appears to be a proper venue for this action under Section 1391(b)(2), because the claims arose in that district.

---

[2] With respect to a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Richmond County, where Plaintiff resides and the property secured by the mortgage loan is located. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 21, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge