UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED KEITA, et al., | |
| Plaintiffs, | 23-CV-2103 (LTS) |
| -against- | AMENDED TRANSFER ORDER[1] |
| NERDREZ AKA PHH MORTGAGE, et al., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mohammed Keita, who is proceeding *pro se*, brings this action on behalf of

himself and his minor children.[2] He invokes the Court's federal question and diversity of

citizenship jurisdiction, and asserts claims arising from the servicing of a mortgage loan on a

property located in Staten Island, Richmond County, New York. For the following reasons, this

action is transferred to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

---

[1] This order was amended to reflect the correct docket case number.

[2] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission must
refer to the name of a minor child by only using the child's initials. In his pleadings, Plaintiff
reveals the full name of the minor children. In light of this, and in an abundance of caution, the
Court has limited access to Plaintiff's pleadings and other submissions on the court's CM/ECF
system to a "case participant-only" basis.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[3] *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who is a resident of Staten Island, New York, brings this action against the following defendants: (1) Nerdrez aka PHH Mortgage, a company in West Palm Beach, Florida; (2) McCabe, Weisberg, and Conway, LLC, a law firm in Melville, New York; (3) First American Title Insurance of New York, a company in Rochester, New York; and (4) the United States Internal Revenue Service. Plaintiff brings claims arising from the servicing of the mortgage on a property located in Staten Island, which is in Richmond County, in the Eastern District of New York. *See* 28 U.S.C. § 112(c).

Nothing in the complaint suggests that any of the events giving rise to Plaintiff's claims occurred within this district, and therefore, it does not appear that venue lies in this court under Section 1391(b)(2). Because Plaintiff does not specifically plead facts about the residence of Defendants, or whether they are subject to personal jurisdiction in this district, it is not clear whether venue is proper in this court under Section 1391(b)(1). However, even if venue was

---

[3] With respect to a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

proper in this court under Section 1391(b)(1), the Eastern District of New York also appears to be

a proper venue for this action under Section 1391(b)(2), because the claims arose in that district.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper,

a court may transfer the case to any other district where it might have been brought "[f]or the

convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In

determining whether transfer is appropriate, courts consider the following ten factors: (1) the

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;

(4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see

also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See

Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying

events occurred in Richmond County, where Plaintiff resides and the property secured by the

mortgage loan is located. The Eastern District of New York appears to be a more convenient

forum for this action. Accordingly, the Court transfers this action to the United States District

Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v.

Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making

determinations of convenience under Section 1404(a) and notions of convenience and fairness

are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court

for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. Summonses

shall not issue from this Court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 5, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge